IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | **CRIMINAL NO. 11-15** |
| **JOSEPH KONRAD** : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Mary Kay Costello, Assistant United States Attorney, hereby submits this memorandum to address sentencing issues.

**I.      INTRODUCTION**

On February 22, 2011, defendant Joseph Konrad ("Konrad") entered a guilty plea to a one count information charging him with making false statements, in violation of 18 U.S.C. § 1001, in connection with Konrad's false representations on FAA Form 8500-8, Medical Certificate Second Class and Student Pilot Certificate.  In 2007, 2008, and 2009, Konrad, a licensed pilot, failed to disclose on FAA Form 8500-8 that he had been examined by a physician and diagnosed with opioid abuse and bipolar disorder, issues that directly affect his competence as a pilot.  A sentencing hearing is scheduled for May 25, 2011.

A thorough consideration of the applicable advisory guideline range and the pertinent § 3553(a) sentencing factors supports the conclusion that a sentence within the advisory guideline range of 0 to 6 months is appropriate in this case.  Specifically, the government recommends a sentence of 3 years probation, 6 months home detention, 300 hours community service, and payment of a fine within the advisory sentencing guideline range.

## II.     BACKGROUND

Defendant Konrad, a registered nurse, obtained his private pilot license from the Federal Aviation Administration ("FAA") on August 10, 2002.  He applied for a commercial pilot license on October 29, 2007 and was issued the license by the FAA on October 31, 2007.  On June 6, 2008, Konrad was issued a Flight Instructor license by the FAA.  As a private pilot, Konrad was required by regulation to hold a medical certificate, which had to be renewed at least every two years.  When Konrad became a commercial pilot on October 31, 2007, he was required by regulation to obtain the medical certification on an annual basis.  Thus, Konrad was required to submit FAA Form 8500-8, Medical Certificate Second Class and Student Pilot Certificate, at least every two years until October 31, 2007, when he was required to submit the form annually.  Konrad submitted the forms in 2001, 2003, 2005, 2007, 2008, and 2009.

To be eligible for a second-class airman medical certificate, and to remain eligible, Konrad was required to meet certain requirements.  These requirements included no established medical history or clinical diagnosis of, among other things, bipolar disorder or substance dependence, including opioid dependence, and no substance abuse within the preceding 2 years. 14 C.F.R. §§ 67.201, 67.207.

On June 21, 2007, the Pennsylvania Board of Nursing ("Board of Nursing") ordered Konrad to submit to a mental and physical examination by George Woody, M.D.  On July 24, 2007, Dr. Woody examined Konrad and diagnosed him with opioid abuse and bipolar II disorder.  On or about February 12, 2008, Konrad signed a Consent Order and Agreement with the Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs, which,

among other things, outlined his diagnosis of opioid abuse and bipolar II disorder and put his nursing license on probation subject to certain conditions.[1]

Konrad failed to disclose his mental health and substance abuse issues to the FAA and, in fact, falsely represented that he did not have such issues. Specifically, on October 17, 2007, a few months after Konrad visited with Dr. Woody, as well as on October 30, 2008 and November 12, 2009, Konrad submitted FAA Form 8500-8 to the FAA and falsely answered "No" to questions 18m (regarding whether he had ever been diagnosed with or had any mental disorders of any sort) and 18n (regarding whether he had ever been diagnosed with or had any substance dependence or substance abuse or any use of illegal substance within the previous 2 years). Moreover, Konrad falsely answered "No" to question 19 (regarding visits to health professionals within last 3 years) and failed to list his examination by Dr. Woody.

On July 30, 2010, investigating agents interviewed Konrad at his residence. Konrad admitted, among other things, that he intentionally did not disclose his mental health issues or his drug and alcohol dependency to the FAA on his FAA medical application because he thought that the FAA would deny renewal of his pilot and flight instructor license.

---

[1] On or about October 27, 2008, Konrad's nursing license was preliminarily suspended for violation of his probationary conditions, including practicing nursing without permission, failing to notify his employer of the Consent Agreement, and testing positive for alcohol. Subsequently, on March 24, 2009, Konrad's nursing license was suspended for 3 years.

### III. SENTENCING CALCULATION

#### A. Statutory Maximum Sentence

The maximum statutory penalty for a violation of 18 U.S.C. § 1001 is 5 years imprisonment, 3 years supervised release, a $250,000 fine and a $100 special assessment. 18 U.S.C. §§ 1001, 3571(b)(3), 3559(a)(3), 3583(b)(2), 3013(a)(2)(A).

#### B. Sentencing Guidelines Calculation

Under § 2B1.1(a)(2), the base offense level is 6.[2] By accepting responsibility and agreeing to plead guilty, Konrad earned a 2 level decrease under § 3E1.1(a), for an adjusted offense level of 4. Konrad's criminal history category is I, which results in a guideline range of 0 to 6 months, which falls within Zone A of the sentencing table. Thus, under § 5B1.1(a)(1), a sentence of probation is authorized. Under § 5B1.2(a), because the defendant's offense level is 4, the term of probation may not be more than 3 years. As part of the conditions of probation, the Court may impose, among other things, home detention as a substitute for imprisonment and community service. U.S.S.G. §§ 5B1.3(e)(2), (3); 5F1.2; 5F1.3.

---

[2]  The Presentence Investigation Report recommends increasing the base offense level to 14 pursuant to U.S.S.G. § 2b1.1(b)(13)(a). PSR ¶ 22. The government does not adopt the recommended enhancement because the government has no direct evidence that the defendant's conduct involved the conscious or reckless risk of death or serious bodily injury. The defendant was diagnosed with opioid abuse and bipolar disorder, failed to disclose these diagnoses to the FAA, which very likely would have prohibited the defendant from flying based on the diagnoses, and continued to fly and to give flight instruction to others. While the defendant's failure to disclose his diagnoses and his decision to continue to fly when he may have been disqualified from doing so certainly could have resulted in the risk of death or serious bodily injury, the government has no direct evidence that such was the case. The defendant claims that his conditions were in remission and the government has no evidence that the defendant flew or instructed others while he was impaired. However, the potential risk created by the defendant's conduct is something that can and should be considered by the Court in analyzing the sentencing factors set forth in 18 U.S.C. § 3553(a).

### C. Analysis

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for sentencing. Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. As set forth above, the sentencing guideline range applicable in this case is 0 to 6 months imprisonment.

However, all of the sentencing factors set forth in Section 3553(a) should be considered. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[3] Based on all of the pertinent factors, the government recommends a sentence

---

[3] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is

within the advisory guideline range of 0 to 6 months. Specifically, the government recommends a sentence of 3 years probation, 6 months home detention, 300 hours community service, and payment of a fine within the advisory sentencing guideline range.

The defendant committed a serious offense. The defendant failed to disclose his mental health and substance abuse issues to the FAA and, in fact, falsely represented that he did not have such issues. The defendant's undisclosed conditions directly affect his competence as a pilot and could have resulted in the defendant losing his flying privileges. 14 C.F.R. §§ 67.201, 67.207. Rather than go through whatever evaluation process the FAA may have required of him, the defendant instead purposely hid his diagnoses from the FAA and continued to fly and to instruct others. The defendant showed no regard for the law or for the safety considerations at the heart of the regulations requiring full disclosure of his diagnoses. The defendant's failure to disclose his diagnoses and his decision to continue to fly when he may have been disqualified from doing so could have resulted in the risk of death or serious bodily injury. The government's recommended sentence reflects the seriousness of the offense.

Moreover, such a sentence is supported by the history and characteristics of the defendant. In addition to failing to disclose his diagnoses to the FAA, the defendant failed to disclose to his employer the Consent Order and Agreement with the Commonwealth of Pennsylvania Bureau of Professional and Occupational Affairs, which, among other things, outlined his diagnosis of opioid abuse and bipolar II disorder, put his nursing license on probation, and required him to give a copy of the Consent Order to his employer at the time.

---

inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

Subsequently, Konrad's nursing license was suspended for violation of his probationary conditions, including practicing nursing without permission, failing to notify his employer of the Consent Agreement, and testing positive for alcohol.  Thus, the defendant has demonstrated a pattern of failing to make required disclosures about his mental health and substance abuse issues.

The government's recommended sentence would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Moreover, such a sentence will likely deter the defendant and others from engaging in similar criminal conduct.

## IV.    CONCLUSION

For all of the foregoing reasons, the government recommends that the Court impose a sentence of 3 years probation, 6 months home detention, 300 hours community service, and a fine within the advisory sentencing guideline range.

    Respectfully submitted,

    ZANE DAVID MEMEGER
    United States Attorney


    s/ Mary Kay Costello
    MARY KAY COSTELLO
    Assistant United States Attorney

Dated: May 18, 2011

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by me this date, by electronic case filing notification, upon:

>Felicia Sarner, Esquire
>Federal Community Defender Office
>The Curtis Center Building
>601 Walnut Street, Suite 540 West
>Philadelphia, PA 19106
>(*Counsel for Defendant Joseph Konrad*)


                                   s/ Mary Kay Costello
                                   MARY KAY COSTELLO


Dated: May 18, 2011